UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRANCE R. BOONE,

    Plaintiff,

v.                                                   Case No:   8:17-cv-680-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff, Terrance R. Boone, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB and an application for SSI on August 21, 2013, alleging a disability onset date of January 1, 2010. (Tr. 11). Plaintiff's applications were denied initially on December 13, 2013, and upon reconsideration on May 15, 2014. (Tr. 124-26, 128-30, 133-37, 140-44). Plaintiff requested a hearing and, on January 6, 2016, an administrative hearing was held before Administrative Law Judge Charles J. Arnold ("the ALJ"). (Tr.28-56). On January 25, 2016, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 11-27). Plaintiff filed a request for review which the Appeals Council denied on January 24, 2017. (Tr. 1-4). Plaintiff initiated this action by filing a Complaint (Doc. 1) on March 23, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar disorder, arthralgia in the left shoulder and wrist, and lumbago. (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following limitations: he is limited to frequent handling, grasping, feeling, fingering with the left hand. He should do no over-shoulder level work with the left hand. The claimant is limited to only low stress work, defined as work with no high production demands and entails only simple, routine, repetitive tasks with simple instructions (simple as used herein means SVP level 1 and 2). He should have no interaction with the public and only minimal contact with others at the worksite.

(Tr. 15). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a construction worker II. (Tr. 19).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 19-20). Specifically, the ALJ found that Plaintiff could perform such jobs as laundry worker, industrial cleaner, and warehouse worker. (Tr. 20). The ALJ concluded that Plaintiff had not been under a disability from January 1, 2010, through the date of the decision, January 28, 2016. (Tr. 20-21).

**II.  Analysis**

Plaintiff raises a single argument on appeal. Plaintiff argues that the ALJ erred by failing to fully and adequately weigh the opinions of state agency medical consultant Ronald Kline, M.D. (Doc. 21 p. 7-11). Plaintiff contends that the ALJ appropriated Dr. Kline's role as a medical consultant by rejecting his findings on the basis that no treating or examining physician recommended such limitations. (Doc. 21 p. 7). Plaintiff argues that it is impossible to determine whether the ALJ's decision is supported by substantial evidence given the ALJ's failure to provide a sufficient basis and explanation for crediting some aspects of Dr. Kline's opinion while rejecting others. (Doc. 21 p. 8). Finally, Plaintiff argues that the ALJ's failure to properly evaluate Dr.

Kline's opinion resulted in the ALJ posing an incomplete hypothetical question to the vocational expert and improperly relying upon the vocational expert's testimony. (Doc. 21 p. 9). In response, Defendant argues that the ALJ properly evaluated and weighed Dr. Kline's opinion. (Doc. 24 p. 6-10).

In his decision, the ALJ addressed Dr. Kline's opinion as follows:

> As for the opinion evidence, some weight is given to the State agency medical consultant who indicated the claimant could perform a restricted range of medium work and whose conclusions support a finding of "not disabled." The State agency medical consultants are medical experts and familiar with the evidentiary requirements of the Social Security Regulations and the disability program. While the undersigned agrees that medium work exertion is appropriate, the claimant is found to be less limited than the State agency medical consultant as the record supports that the claimant is capable of performing more than he reported in his initial application and appeal. Further, no treating or examining physician recommended the postural limitations cited by the consultant.

(Tr. 19).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds no error in the ALJ's treatment of Dr. Kline's opinion. In reviewing Dr. Kline's opinion, the ALJ stated that he was giving some weight to Dr. Kline's

opinion that Plaintiff could perform a restricted range of medium work. (Tr. 19, 95-96). The ALJ explained in his analysis that while Dr. Kline's opinion was entitled to some weight, the medical evidence of record, much of which was not reviewed by Dr. Kline, supports a finding that Plaintiff was capable of more than he reported in his initial application and appeal, which was reviewed by Dr. Kline. (Tr. 19, 95-96). The record shows that Dr. Kline's opinion is dated May 15, 2014, while the ALJ considered Plaintiff's full medical record for the period under adjudication in the decision, i.e., through October 2015. As the ALJ noted in giving Dr. Kline only some weight, there was a period of approximately a year and a half that was not reviewed by Dr. Kline, but was reviewed by the ALJ. (Tr. 19, 27, 96). Thus, the ALJ stated good cause for the weight he assigned to Dr. Kline's opinion. (Tr. 19).

In addition, the ALJ also noted that no treating or examining physician recommended the same postural limitations cited by Dr. Kline. (Tr. 19, 15-19). The regulations state that "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). When the ALJ noted that no treating or examining physician found the same limitations as Dr. Kline, he was stating an important factor, lack of supportability in the medical record, as required by the regulations. (Tr. 19, 95-96). The rejects Plaintiff's argument that the ALJ improperly inferred from the silence of treating doctors an acknowledgment that Plaintiff could work. Rather, the ALJ properly considered Dr. Kline's opinion in light of the medical record as a whole.

As a nonexamining physician, Dr. Kline's opinion was not entitled to any deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Nevertheless, the ALJ considered, analyzed, and explained the weight assigned to the opinion. Plaintiff has failed to show the ALJ commited reversible error in his treatment of Dr. Kline's opinion. As the ALJ did not commit

reversible error in his treatment of Dr. Kline's opinion, the Court also rejects Plaintiff's argument that the hypothetical question posed to the vocational expert was incomplete.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties